1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2
3  W. DOUGLAS SPRAGUE (CASBN 202121)
   Acting Chief, Criminal Division
4
   BRIGID S. MARTIN (CASBN 231705)
   Special Assistant U.S. Attorney
5
6      450 Golden Gate Ave (11th Floor)
       San Francisco, CA 94102
       Telephone: (415) 436-7219
7      Facsimile: (415) 436-7234
       Email: brigid.martin2@usdoj.gov
8
9  Attorneys for the United States

FILED
JUL 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 3-07-70432 JL NJV |
| Plaintiff, ) | |
| v. ) | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| ANGELITO ERMITA ALIX, ) | |
| Defendant. ) | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on July 20, 2007, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☐ Indictment

☐ Information

X  Criminal Complaint

☐ Other (describe) _____

pending in the Central District of California, Case Number CR MISC. 06-2137 M.

1   In that case, the defendant is charged with violation(s) of Title(s) 18 United States Code,
2   Section 3184.
3   Description of Charges: Defendant is a fugitive from a foreign country, Republic of the
4   Philippines, and the Republic of the Philippines has requested the extradition of the defendant
5   under the Extradition Treaty between the United States of America and the Philippines.

Date: July 20, 2007

Respectfully Submitted,
SCOTT N. SCHOOLS
UNITED STATES ATTORNEY

BRIGID S. MARTIN
Special Assistant U.S. Attorney

*U.S. marshall will make the arrest*

ORIGINAL

90437-111

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF | CR MISC. NO. **06-2137M** |
| ANGELITO ERMITA ALIX, | WARRANT OF ARREST |
| A Fugitive from the Republic of the Philippines. | [Pursuant to 18 U.S.C. § 3184] |

To any United States Marshal or other authorized officer:

You are hereby commanded to arrest ANGELITO ERMITA ALIX and bring him forthwith before the nearest available United States Magistrate Judge to answer a complaint charging him with being subject to extradition to the Republic of the Philippines pursuant to a warrant of arrest in the Philippines charging him with the crime of Estafa.

DATED: December 14, 2006.

HONORABLE JEFFREY W. JOHNSON
UNITED STATES MAGISTRATE JUDGE

RETURN

Received _____, 200_, at _____, and executed by arrest of _____ at _____, on _____.

Dated: _____, 200_  _____ District of _____.

By _____.

```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  THOMAS P. O'BRIEN
    Assistant United States Attorney
 3  Chief, Criminal Division
    DANIEL S. GOODMAN
 4  Assistant United States Attorney
    International Coordinator (Extraditions)
 5  BONNIE L. HOBBS (Cal. State Bar # 208525)
    Assistant United States Attorney
 6       1500 United States Courthouse
         312 North Spring Street
 7       Los Angeles, California  90012
         Telephone:  (213) 894-4447
 8       Facsimile:  (213) 894-3713
         E-mail: bonnie.hobbs@usdoj.gov
 9
    Attorneys for Complainant
10  United States of America
```

FILED
CLERK, U.S. DISTRICT COURT
DEC 14 2006
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN THE MATTER OF THE ) CR MISC. NO. 06-2137M
EXTRADITION OF )
) C O M P L A I N T
ANGELITO ERMITA ALIX, )
) FOR ARREST WARRANT AND
) EXTRADITION; ORDER THEREON
A Fugitive from the )
Republic of the Philippines. )
) (UNDER SEAL)
)

TO:   Honorable Jeffrey W. Johnson
      United States Magistrate Judge
      Central District of California

I, Bonnie L. Hobbs, being duly sworn, depose and state that I am an Assistant United States Attorney for the Central District of California and act for and on behalf of the Republic of the Philippines pursuant to the Extradition Treaty between the United States of America and the Philippines which entered into force on November 22, 1996 ("the Extradition Treaty"), with respect to the fugitive Angelito Ermita Alix.

1    In accordance with Title 18, United States Code, Section
2 3184, I charge on information and belief as follows:
3    1.  That the Republic of the Philippines has requested the
4 extradition of the fugitive, a national of the Philippines. A
5 copy of that request for extradition, with related documents from
6 the U.S. Department of State and the American Foreign Service
7 (including a copy of the Extradition Treaty), is attached hereto
8 as Exhibit 1.
9    2.  That I am informed through diplomatic channels that the
10 fugitive is charged in the Philippines with the crime of Estafa,
11 in violation of Article 315 1(b) of the Revised Penal Code of the
12 Philippines, a warrant for the arrest of the fugitive for that
13 crime having been issued on August 31, 1998, by the Republic of
14 the Philippines Regional Trial Court, National Capital Judicial
15 Region, Pasig City, Metro Manila, Branch 154.
16    3.  That the offenses for which the fugitive's extradition
17 is sought are covered by Article 2 of the Extradition Treaty.
18    4.  That the extradition request contains a victim-witness
19 statement, a copy of which is attached hereto as part of Exhibit
20 1, from which the following facts may reasonably be derived:
21    Victim-witness Alicia Maranan is the Secretary-Treasurer of
22 VRM Construction and Marketing Corporation ("VRM"), a Philippine
23 domestic corporation located in Mandaluyong City. Sometime in
24 1991, the fugitive, after being appointed as branch manager of
25 the SBC Kalentong bank in Mandaluyong City, approached Ms.
26 Maranan to solicit VRM's corporate account for his branch of the
27
28                                2

1 bank. Ms. Maranan had known the fugitive for approximately
2 twenty-four years, and after he represented to her that he would
3 personally attend to VRM's account and provide special services
4 to VRM, Ms. Maranan agreed to the fugitive's request and opened
5 an account at the fugitive's bank.
6    As part of the services the fugitive provided to VRM, he
7 would personally hand carry amounts of cash that Ms. Maranan
8 requested be withdrawn from the VRM account to Ms. Marana's
9 office. Eventually, as a matter of convenience, the fugitive
10 recommended that Ms. Maranan pre-sign withdrawal slips and
11 promissory notes to facilitate VRM's immediate withdrawal of
12 cash. Ms. Maranan took the fugitive's advice and pre-signed
13 several withdrawal slips and promissory notes.
14    In 1994, the fugitive moved on to two other branches of the
15 SBC bank, all the while bringing the VRM account with him. In
16 September 1995, the fugitive offered VRM a credit line with the
17 SBC bank in the amount of 1,000,000 Philippine pesos, and VRM
18 accepted. In 1997, the credit line was increased to 2,500,000
19 pesos.
20    Sometime in 1996, Ms. Maranan asked the fugitive to give her
21 the old account passbooks for the VRM account, so that she could
22 review historical transactions. The fugitive told her that the
23 old passbooks had been shredded, and offered to give her
24 computer-generated copies of the passbooks instead, but he never
25 did so.
26    In November 1997, Ms. Maranan contacted the bank regarding
27
28                                3

1  the VRM account, and with the assistance of the assistant bank
2  manager, discovered that VRM's outstanding loan account had grown
3  from 1,700,000 pesos in April 1997 to approximately 3,500,000
4  pesos in November 1997. After conducting additional
5  investigation, Ms. Maranan discovered that beginning in 1995, the
6  fugitive had been withdrawing amounts from the VRM account in
7  excess of the amounts requested by VRM, delivering only the
8  amount requested to VRM, and pocketing the difference. For
9  example, in one instance VRM requested a withdrawal of 60,000
10 pesos, and the fugitive filled out the pre-signed withdrawal slip
11 in the amount of 160,000 pesos. The fugitive delivered the
12 60,000 pesos to VRM, but the additional 100,000 pesos was never
13 accounted for.
14     Additionally, the fugitive would use the pre-signed
15 withdrawal slips to make withdrawals from the VRM account even
16 when VRM had made no request for a withdrawal. For example, a
17 withdrawal of 20,000 pesos was made from the account while Ms.
18 Maranan was on a trip abroad. Finally, the fugitive made
19 withdrawals from the VRM account even after Ms. Maranan
20 specifically had directed him not to make any withdrawal. For
21 example, on November 11, 1997, the fugitive called Ms. Maranan to
22 ask her if VRM needed cash for the weekend payroll. Ms. Maranan
23 told the fugitive that VRM did not need any cash, and told him
24 not to make the withdrawal. The bank account records reflect
25 that on November 13, 1997, a withdrawal of 15,000 pesos was made
26 despite Ms. Maranan's directions to the contrary.
27
28

1  Ms. Maranan's review of the bank account records indicated
2  that during the period April 1995 through October 1997, the
3  unauthorized withdrawals from the VRM account totaled
4  approximately 4,021,282 pesos. Sometime in December 1997, she
5  confronted the fugitive and showed him a summary of the
6  unauthorized withdrawals. The fugitive admitted withdrawing the
7  unauthorized amounts and apologized to Ms. Maranan. On March 6
8  and March 30, 1998, Ms. Maranan made formal demands to the
9  fugitive for repayment of the amounts, but the fugitive refused
10 to pay. Ms. Maranan provided a color photograph of the fugitive
11 taken at the opening of the SBC branch to which the fugitive was
12 assigned as branch manager.

13  5.  The fugitive is in this district and therefore within
14 the jurisdiction of this court. The United States Marshals
15 Service ("USMS") has located the fugitive in Los Angeles,
16 California. Specifically, the fugitive currently is residing
17 with his wife in an apartment in Los Angeles, California. The
18 Republic of the Philippines provided a color photograph of the
19 fugitive, and his photograph also appears on his Philippine
20 passport and passport application. These photographs are
21 attached as part of Exhibit 1. USMS Deputies personally spoke
22 with a man who answered the door at the apartment referred to
23 above, and who appeared to be the man depicted in the photographs
24 of the fugitive provided by the Republic of the Philippines,
25 which appear in Exhibit 1.

26  WHEREUPON, complainant requests that a warrant be issued,

5

```
 1  based on probable cause, pursuant to Title 18, United States
 2  Code, Section 3184, for the arrest of Angelito Ermita Alix; that
 3  Angelito Ermita Alix be brought before this Court and the
 4  evidence of criminality heard; that if on such hearing this Court
 5  deems the evidence sufficient under the provisions of the
 6  Extradition Treaty to sustain the charge, the Court certify the
 7  same to the Secretary of State in order that a warrant may issue
 8  for the surrender of Angelito Ermita Alix to the appropriate
 9  authorities of the requesting state, the Philippines, according
10  to the Extradition Treaty; and that this Court take such other
11  actions as this Court is required to take under the provisions of
12  the Extradition Treaty and the laws of the United States to meet
13  the obligations of the Extradition Treaty.
14  DATED: This 4th day of December, 2006, at Los Angeles,
15  California.                        Respectfully submitted,
16                                     GEORGE S. CARDONA
                                       Acting United States Attorney
17
                                       THOMAS P. O'BRIEN
18                                     Assistant United States Attorney
                                       Chief, Criminal Division
19
                                       _____
20                                     BONNIE L. HOBBS
                                       Assistant United States Attorney
21
                                       Attorneys for Complainant
22                                     United States of America
23  Subscribed and sworn to before
24  me this 4th day of December, 2006.
25  JEFFREY W. JOHNSON
    _____
    HONORABLE JEFFREY W. JOHNSON
26  UNITED STATES MAGISTRATE JUDGE
27
28                              6
```

DISTRICT OF COLUMBIA, ss:

### DECLARATION OF THOMAS B. HEINEMANN

I, Thomas B. Heinemann, declare and say as follows:

1. I am an Attorney Adviser in the Office of the Legal Adviser, Department of State, Washington, D.C. This office has responsibility for extradition requests, and I am charged with the matter of the extradition case of Angelito Ermita Alix. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaty in full force and effect between the United States and the Philippines, the Embassy of the Philippines has submitted a diplomatic note (No. 047-02) formally requesting the extradition of Angelito Ermita Alix. A copy of the diplomatic note is attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States and the Philippines are found in the Extradition Treaty between the United States of America and the Philippines of November 13, 1994, which entered into force on November 22, 1996. A copy of the Treaty is attached to this declaration.

4. In accordance with Article 17 of the Treaty, the Government of the United States provides legal representation in

EXHIBIT I

007

02015629-2

# United States of America



## DEPARTMENT OF STATE

*To all to whom these presents shall come, Greetings:*

I Certify That Thomas B. Heinemann, whose name is subscribed to
the document hereunto annexed, was at the time of subscribing the
same Attorney Adviser, Office of the Legal Adviser, Department of
the United States of America, and that full faith and credit are
due his acts as such.

In testimony whereof, I, Colin L. Powell,
Secretary of State , have hereunto caused the
seal of the Department of State to be affixed and
my name subscribed by the Assistant
Authentication Officer, of the said Department,
at the city of Washington, in the District of
Columbia, this tenth day of May, 2002.

_____
Secretary of State

By _____
Assistant Authentication Officer,
Department of State

*pursuant to Ch... ate of*
*15, 1789, 1 Sta... : 22*
*2657; 22USC 26... USC*
*28 USE 1733 et. ... USC*
*...); RULE 44 Fede... s of*
*Procedure.*

*This ...ficate is not valid if it is removed or altered in any way whatsoever*

008

-2-

its courts for the Philippines in its extradition requests, and the Philippines provides legal representation in its courts for extradition requests made by the United States.

5. The offense for which extradition is sought is extraditable pursuant to Article 2 of the Treaty. Article 2 provides that extradition shall be granted for offenses punishable under the laws in both the Philippines and the United States by deprivation of liberty for a period of more than one year.

6. The documents submitted by the Government of the Philippines in support of its extradition request were certified on February 28, 2002, by Robert W. Fitts, Charge d'affaires of the United States of America in Manila, in accordance with Title 18, United States Code, Section 3190. Mr. Fitts at the time of his certification was the principal diplomatic officer of the United States in the Philippines.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 9th, 2002.

_____
THOMAS B. HEINEMANN

Attachments:

1. Copy of Note
2. Copy of Treaty

PASUGUAN NG PILIPINAS  EMBASSY OF THE PHILIPPINES
WASHINGTON, D.C.

DEPARTMENT OF STATE
2002 APR 17 P 2:22

No. 047-02

The Embassy of the Republic of the Philippines presents its compliments to the Department of State and has the honor to request the latter for the extradition of Mr. ANGELITO ERMITA ALIX, A Filipino national, under the RP-US Extradition Treaty.

Mr. Ermita Alix is wanted to stand trial before the Regional Trial Court of Pasig City, Branch 154, for Estafa docketed as Criminal Case No. 114466.

The Embassy would therefore greatly appreciate it if the Department of State could forward this request together with the enclosed documents to the Department of Justice as soon as possible.

The Embassy of the Republic of the Philippines avails itself of this opportunity to renew to the Department of State the assurances of its highest consideration.

Washington, D.C.

15 April 2002



010